# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Apriel Williams, *et al.*,

        Plaintiffs,

v.

Churchill Mortgage Corporation,

        Defendant.

_____/

Case No. 24-12905

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

## ORDER DENYING PLAINTIFF DAG CONSTRUCTION, LLC'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, SHOW CAUSE ORDER, AND PRELIMINARY INJUNCTION [26]

Before the Court is Plaintiff DAG Construction, LLC's ("DAG") "ex parte"[1] motion for temporary restraining order ("TRO"), show cause order, and preliminary injunction. (ECF No. 26.) This case concerns a construction loan, and Plaintiffs DAG, Apriel Williams, and Bryan Poe

---

[1] An ex parte motion for temporary restraining order requires "the movant's attorney [to] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Instead, DAG's counsel certified that she *did* provide notice to Defendant. (ECF No. 26, PageID.279.) This motion, therefore, is not ex parte.

allege that Defendant Churchill Mortgage Corporation ("Churchill") failed to meet its obligations related to that construction loan. (ECF Nos. 1-2, 18-1.)

DAG filed the motion for TRO and preliminary injunction on May 5, 2025. (ECF No. 26.) Churchill filed a response to the TRO on May 7, 2025. (ECF No. 28.)[2] The Court held a hearing on the motion on May 8, 2025, but determined that the hearing should be continued following the filing of DAG's reply brief. During the hearing, the Court set a briefing schedule, which it followed with a text-only order on May 8, 2025, stating that DAG's reply to its motion for TRO would be due by May 23, 2025 and Plaintiffs Poe and Williams may file a concurrence to the motion by May 23, 2025. (May 8, 2025 Text-only Order.) To date, DAG has not filed a reply, and Poe and Williams have not filed a concurrence. In fact, the Court has had no communication from any Plaintiff seeking a continuance, a hearing, or anything at all.

DAG requests that the Court issue a TRO with the following relief:

---

[2] Defendant, in a footnote to one of its exhibits, states that it intends to file a recording of a "welcome call" "through the ECF system" "[w]ith the Court's permission." (ECF No. 28-2, PageID.307 n.1.) To the extent this is a motion for leave to upload a media file, the Court denies this request because it does not conform to R19(c) of the Eastern District of Michigan's Electronic Filing Policies and Procedures.

1. Order "preventing improper distribution of funds earmarked for this loan and demanding that said funds be immediately placed in [a] court escrow account";

2. Order "preventing any transfer of the loan or servicing of the loan to avoid further complications in this case or the need for further parties to be added";

3. Order for preservation of all records.

(ECF No. 26, PageID.277.) DAG also requests that the Court "enter an order for a show cause hearing as to why a preliminary injunction should not issue" as well as "costs for having to draft and file this motion solely due to Defendant[']s lack of cooperation and failure to comply with applicable law and prior court order." (*Id.* at PageID.278.)

For the reasons set forth below, DAG's motion is denied.

**I. Legal Standard**

Courts use the same four factors when evaluating a motion for a TRO or a preliminary injunction:

(1) whether the movant has a strong likelihood of success on the merits;

(2) whether the movant would suffer irreparable injury without the injunction;

(3) whether issuance of the injunction would cause substantial harm to others; and

(4) whether the public interest would be served by the issuance of the injunction.

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (citing *Tumblebus v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)); *see also Rios v. Blackwell*, 345 F. Supp. 2d 833, 835 (N.D. Ohio 2004) (noting that the standards for a TRO and a preliminary injunction are the same).

"[P]reliminary injunctions are extraordinary and drastic remedies. . . never awarded as of right." *Am. C.L. Union Fund of Michigan v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015). "[T]he party seeking a preliminary injunction bears the burden of justifying such relief." *Id.*

## II.  Analysis

Irreparable harm is an "indispensable" requirement for a temporary restraining order or preliminary injunction. *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 327 (6th Cir. 2019); *Ohio v. Becerra*, 87 F.4th 759, 783 (6th Cir. 2023) ("A showing of irreparable harm is an indispensable p[r]er[e]quisite for the issuance of a preliminary injunction."). Without a showing of irreparable harm, the Court may not issue a TRO or preliminary injunction.

4

Generally, irreparable harm cannot be "adequately compensated by money damages." *Cooper-Standard Auto. Inc. v. Daikin Am., Inc.*, 568 F. Supp. 3d 846, 848 (E.D. Mich. 2021). In extraordinary circumstances, financial injury can be sufficient for irreparable harm, but those cases usually involve the plaintiff's "impending financial ruin," "an insolvent defendant," or "a strong possibility that the plaintiff would not receive adequate compensatory relief in the absence of an injunction." *CJPS Healthcare Supplies & Equip. v. Ansar Med. Techs., Inc.*, No. 12-CV-14885, 2013 WL 4502176, at *7 (E.D. Mich. Aug. 22, 2013); *HealthCall of Detroit, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 22-10797, 2022 WL 3153780, at *16 (E.D. Mich. Aug. 8, 2022).

DAG states, "[i]t is clear that Plaintiff will suffer irreparable harm of the loss of their family business. (ECF No. 26, PageID.276.) As evidence of irreparable harm, DAG cites the affidavits of Stefan and Tammy Gailliard.[3] (ECF No. 18-1, PageID.186–192.) The affidavits state, "[t]he failure of Churchill to honor the contract terms has devastated DAG Construction and caused our business to have to cancel and then

---

[3] Stefan Gailliard is the owner of DAG. Tammy Gailliard is a managing member of DAG.

5

ultimately lose my contractors and sub-contractors who had to then take on other jobs." (*Id.* at PageID.188; *id.* at PageID.191 (stating substantially the same).)

DAG has not demonstrated irreparable harm. It does not explain why an order for Defendant to place funds in a court escrow account would prevent harm to DAG's business, as funds in an escrow account would not be accessible to DAG until some later stage of the litigation and possibly the resolution of this suit. Additionally, the Gailliards' affidavits indicate that the harm has already occurred, whether or not the requested relief is granted.

To the extent DAG intended to argue that Defendant is insolvent or there is a possibility Defendant cannot compensate their monetary losses, it is true that a defendant's insolvency can be a basis for this kind of requested relief. *See CJPS Healthcare Supplies & Equip.*, 2013 WL 4502176, at *6–7. However, DAG has not met its burden to justify a TRO or preliminary injunction on that basis. *See Am. C.L. Union Fund of Michigan*, 796 F.3d at 642 ("[T]he party seeking a preliminary injunction bears the burden of justifying such relief.").

The Gailliards' affidavits state,

6

> I believe, based on my personal knowledge and my own personal interactions with Churchill Mortgage, that they have failed to fund the project as agreed and do not have the funds to finance the project as agreed.

(ECF No. 18-1, PageID.188, 191–192.) The speculations by DAG's leadership are not sufficient to demonstrate Defendants' potential insolvency. *See QSI-Fostoria DC, LLC v. Gen. Elec. Cap. Bus. Asset Funding Corp.*, No. 3:02CV7466, 2005 WL 81902, at *6 (N.D. Ohio Jan. 14, 2005) (declining to grant preliminary injunction based on the movant's "speculation that it will be unable to collect if it obtains a judgment in its favor"); *CJPS Healthcare Supplies & Equip.*, 2013 WL 4502176, at *7 (determining that evidence of the defendant's late payments and the defendant's incomplete wire transfer due to insufficient funds was not sufficient to demonstrate insolvency).

Because DAG has not demonstrated irreparable harm, the Court will deny its motion for TRO and preliminary injunction.[4] *See D.T.*, 942

---

[4] The Court notes that DAG has not demonstrated a strong likelihood of success on the merits. Paragraph 6 of the Loan Agreement indicates that Plaintiffs must complete each phase of construction before Defendant is obligated to disburse the funds for that draw. (ECF No. 1-4, PageID.23.) Based on Defendant's submissions, it appears that the work required for Draw 2 had not been completed and, as such, Defendant refused to disburse the funds per the terms of the Loan Agreement. (*See* ECF No. 28-2, PageID.307–308.) Without the benefit of a reply brief or evidence to

7

F.3d at 327 ("[A] district court is 'well within its province' when it denies a preliminary injunction based solely on the lack of an irreparable injury." (quoting *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 (6th Cir. 1991))). Further, the Court declines to issue an order to show cause as to why a preliminary injunction should not issue, and declines to award costs to DAG.

### III. Conclusion

For the reasons set forth below, DAG's "ex parte" motion for temporary restraining order, show cause order, and preliminary injunction is DENIED. (ECF No. 26.)

IT IS SO ORDERED.

Dated: June 2, 2025         s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
                                    United States District Judge

---

the contrary, the Court is unable to find at this time that DAG has demonstrated a strong likelihood of success.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 2, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
